IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DONNIE MATTHEWS, #320860       *
            Plaintiff
    v.                 *    CIVIL ACTION NO. AMD-05-1879

WARDEN              *
          Defendant

******

MEMORANDUM

On July 8, 2005, this court received a letter from inmate Donnie Matthews, then confined

at the Western Correctional Institution ("WCI").  Matthews claimed that he provided information

to WCI administrators regarding prison drug trafficking involving inmates and correctional officers.

Paper No. 1.  He also asserted that a correctional officer told an inmate drug dealer that Matthews

is an informant, thereby placing his life in danger. *Id*. Because plaintiff made statements of suicidal

ideation and claimed that his safety was at risk at WCI, the correspondence was treated as a 42

U.S.C. § 1983 civil rights complaint and the Office of the Attorney General was directed to file a

response.[1]

On August 3, 2005, the Office of the Attorney General filed a response. Paper No. 6.

Because the response provided a substantive answer to plaintiff's complaint for injunctive relief and

was accompanied by a declaration and multiple records, the pleading was treated as a motion for

summary judgment.  Paper No. 8.   Plaintiff was afforded notice and an opportunity to respond.  *Id*.

On August 31, 2005, he filed a document noting his transfer to the Maryland Correctional Institution

---

[1] In a second letter sent to the court, Matthews claimed that he had received threats from WCI inmates and correctional officers.  Paper No. 2.  On July 21, 2005, Matthews filed a supplemental complaint, claiming that he is referred to as the "prison snitch" and had been threatened by WCI staff and inmates.  Paper No. 4. Plaintiff requested a prison transfer or placement on protective custody.  *Id*.

in Hagerstown ("MCI-H") and complaining that the WCI Warden caused him to be examined by several WCI staff members who made him "appear to be crazy." Paper No. 9. The case is ready for consideration and may be determined on the pleadings. *See* Local Rule 105.6. (D. Md. 2004).

Article III of the Constitution limits the judicial power to "actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). The case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. *Id*. Thus, an actual controversy must exist "at all stages of review, not merely at the time the complaint is filed." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 117 S.Ct. 1055, 1068 (1997) (internal quotation marks and citations omitted). A case becomes moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome. *See Powell v. McCormack*, 395 U.S. 486, 496 (1969). Where injunctive relief is requested in a prisoner's complaint, it is possible for events occurring subsequent to the filing of the complaint to render the matter moot. *See Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (transfer of prisoner moots his Eighth Amendment claims for injunctive and declaratory relief); *see also Slade v. Hampton Roads Regional Jail*, 407 F.3d 243, 248-49 (4th Cir. 2005) (pre-trial detainee's release moots his claim for injunctive relief); *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir.1987) ((holding that the transfer of a prisoner rendered moot his claim for injunctive relief); *Taylor v. Rogers*, 781 F.2d 1047, 1048 n. 1 (4th Cir.1986) (holding that prisoner's transfer from protective custody to the general prison population mooted a request for declaratory and injunctive relief).

Here, plaintiff sought a prison transfer or assignment to protective custody. Plaintiff later indicated that he was transferred out of WCI. The Division of Correction confirms that plaintiff was transferred out of WCI to MCI-H on August 17, 2005, and was again transferred from MCI-H to

Patuxent Institution on September 23, 2005. Plaintiff has received the relief he sought and his transfer moots his underlying complaint for injunctive relief.[2]   Accordingly, the complaint shall be dismissed by separate Order.


Dated: September 26, 2005                                                       /s/_____

                                                                                          Andre M. Davis
                                                                                          United States District Judge

---

[2]Even were this court to analyze the claims under the appropriate standards for establishing a failure-to-protect claim and for obtaining injunctive relief under *Farmer v. Brennan*, 511 U.S. 825 (1994), and *Blackwelder Furniture Co. v. Seilig Manufacturing Co.*, 550 F.2d 189 (4th Cir. 1977), it would find that injunctive relief is not warranted.

According to the record presented by defendant, plaintiff was placed on WCI administrative segregation on September 22, 2004, pending investigation into his allegations of being threatened by other inmates.  Paper No. 6.  The claims could not be substantiated and plaintiff was removed from administrative segregation on October 6, 2004.  Classification management personnel met with plaintiff on April 27, 2005, after he claimed that staff and inmates were going to assault him.  *Id.*  Defendant states that plaintiff could give no particular information other than he required protective custody or transfer from WCI.  *Id.* Defendant's exhibits indicate that plaintiff has no documented enemies listed in his base file and does not meet the criteria for protective custody.  Defendant states that plaintiff was closely monitored by the WCI Psychology Department and will continue to have individual therapy.  *Id.*